UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DARRYL DEWAYNE SHELTON,

    Plaintiff,

        v.                                     CAUSE NO. 1:25-CV-018 DRL-SJF

SHERWOOD *et al.*,

    Defendants.

OPINION AND ORDER

Darryl Dewayne Shelton, a prisoner without a lawyer, filed an amended complaint.[1] ECF 6. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his complaint "once as a matter of course" without leave of the court. An amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009); *see also Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Accordingly, the court will proceed to screen the amended complaint as submitted.[2]

---

[1] He also filed another motion to proceed *in forma pauperis* (ECF 7), but that motion will be denied as moot because he has already been granted leave to do so. *See* ECF 5.

[2] To the extent Mr. Shelton was attempting to amend his complaint in a piecemeal manner, he may not do so. The local rules of this district require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A *pro se* complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Shelton, who is currently incarcerated at the Allen County Jail, alleges Officer A. Smith and Officer Sherwood subjected him to excessive force on December 6, 2024 by "forcefully bending my hands behind my back and pushing me forcefully pushing me and intentionally trying to hurt me all because I wanted to check off because I was scared for my life." ECF 6 at 2. He has sued Officer A. Smith, Officer Sherwood, and Sheriff Hershberger and seeks monetary damages for "hurting me/pay me for pain and suffering and I want them fired." *Id.* at 4. Mr. Shelton provides no other facts or details in his amended complaint.

Mr. Shelton is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (quotations and citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees.

*Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman v. Madison Cty. Ill.*, 108 F.4th 561, 570 (7th Cir. 2024) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)).

As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice.). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. Appx. 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Here, Mr. Shelton alleges his hands were bent behind his back and some forceful pushing occurred. He doesn't sufficiently explain what led up to the events or why they

occurred. Importantly, he doesn't describe any injuries suffered during the incident, nor does he suggest the force applied was anything more than de minimis.[3] Based on these sparse allegations, it can't be plausibly inferred that the use of force was objectively unreasonable. *See e.g., Graham v. Connor*, 490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (quotations and citation omitted); *Jones v. Walker*, 358 Fed. Appx. 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."); *Wilson v. Hartman*, No. 21-2308, 2022 WL 1062053, at *1 (C.D. Ill. Apr. 8, 2022) ("*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim."); *see also Twombly*, 550 U.S. at 570 (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.").

Mr. Shelton's amended complaint doesn't state a claim for which relief can be granted. If Mr. Shelton believes he can state a claim based on (and consistent with) the events described above or in his original pleading, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to

---

[3] In the relief section of the amended complaint, Mr. Shelton states he should be compensated for his "pain and suffering," but he doesn't expand upon these allegations.

be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the motion to proceed *in forma pauperis* as moot (ECF 7);

(2) GRANTS Darryl Dewayne Shelton until **March 27, 2025**, to file a second amended complaint; and

(3) CAUTIONS Darryl Dewayne Shelton if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 28, 2025         *s/ Damon R. Leichty*
                          Judge, United States District Court